## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

CHARLES C. JONES,                          )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )      Case No. CIV-24-1328-R
                                           )
UNITED STATES OF AMERICA, et al.,          )
                                           )
        Defendants.                        )

## REPORT AND RECOMMENDATION

Plaintiff Charles C. Jones, proceeding pro se, brings suit alleging violations of his civil rights under 42 U.S.C. § 1983. United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned previously considered Plaintiff's Application for Leave to Proceed in Forma Pauperis ("IFP") ("First IFP Application") and his amended Application for Leave to Proceed IFP ("Second IFP Application"). Docs. 5, 8. Because Plaintiff had not complied with the Court's orders to provide the financial information necessary to grant IFP status, the undersigned recommended that the Court deny Plaintiff's First IFP Application and Second IFP Application. Doc. 10. Plaintiff timely objected and provided institutional financial information that is sufficient for the Court to assess his ability to pay the required filing fee. Doc. 11.

Accordingly, because the undersigned had not had the opportunity to consider the additional financial information, Judge Russell declined to adopt the recommendation and re-referred the matter to the undersigned. Doc. 12. Upon review of Plaintiff's additional

financial information, the undersigned again recommends that the Court deny Plaintiff's First IFP Application and Second IFP Application.

## I.    <u>Analysis</u>

Courts have discretion in deciding whether to grant a civil litigant permission to proceed IFP.  28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).  "[T]o succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees."  *Lister*, 408 F.3d at 1312.  After considering Plaintiff's First IFP Application, Doc. 5; Second IFP Application, Doc. 8; separately filed "Affidavit for Cause" and prison account statement, Docs. 7, 7-1; and additional financial information, Docs. 11, 11-1, 11-2, the undersigned finds that Plaintiff has not shown a financial inability to pay the required filing fees.

When an action is commenced, a plaintiff must pay a filing fee or the action may be subject to dismissal without prejudice.  LCvR3.2; 28 U.S.C. § 1914(a).  The required filing fee for a civil rights action, such as the one brought by Plaintiff, is $405.00.[1]  Plaintiff's additional financial information shows:

---

[1] The total filing fee includes (1) a base fee of $350.00 and (2) an administrative fee of $55.00 for any person not granted in forma pauperis status. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

- an account balance of $458.27;

- during the period from November 17, 2024 to April 1, 2025, total deposits of $1,715.00;

- a "Local Max. Balance – Prev. 30 Days" of $549.57; and

- an "Average Balance – Prev. 30 Days" of $393.93.

Doc. 11-2 at 1-2. Each of these figures indicates that Plaintiff has the ability to pay the required $405.00 filing fee.[2] Accordingly, the undersigned finds that Plaintiff has not established an inability to pay the filing fee and, as such, cannot succeed on his applications to proceed in forma pauperis. *See Lister*, 408 F.3d at 1312 (stating that a litigant "must show a financial inability to pay the required filing fees" to be granted in forma pauperis status); 28 U.S.C. § 1915(a)(1) (stating that a court may grant a litigant the ability to proceed in a civil case without the prepayment of fees if the litigant establishes that he "is unable to pay such fees").

## II.    <u>Recommendation and Notice of Right to Object</u>

For the preceding reasons, the undersigned recommends that the Court **DENY** Plaintiff's First IFP Application, Doc. 5, and Second IFP Application, Doc. 8. The undersigned further recommends that the Court dismiss this action without prejudice to

---

[2] Plaintiff's additional financial information shows he has withdrawn $1,256.73 over the previous six months. Doc. 11-2 at 2. This level of spending also indicates Plaintiff has the means to pay the filing fee. *Cf. Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that a prisoner "cannot be excused" for failing to pay when he "has sufficient income to pay a [required] fee and instead spends his money on amenities at the prison canteen").

refiling unless Plaintiff pays the full filing fee of $405.00 within 21 days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than May 21, 2025. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of April, 2025.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE