UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES C. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-1328-R |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

Before the Court is a Motion to Reconsider Judgment [Doc. No. 22] which, liberally construed, seeks reconsideration of the Court's order of July 28, 2025 dismissing this case for failure to pay the required filing fee.[1]

Under Rule 60(b), a court may relieve a party from a final order because of "mistake, inadvertence, surprise, or excusable neglect ... or any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "Rule 60(b) relief 'is extraordinary and may be granted only in exceptional circumstances.'" *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)).

Here, Plaintiff asserts that he attempted to pay the filing fee, the check was returned because it was made out to the wrong party, and that he was not aware of the problem until early August. Plaintiff was given ample time to pay the filing fee prior to the order of dismissal. However, given that Plaintiff attempted to pay the filing fee and it was returned,

---

[1] Plaintiff previously filed a Motion to Vacate Judgment which was construed as motion seeking relief under Rule 59(e). The motion was denied because Plaintiff failed to show clear error or manifest injustice given that he had ample time to pay the filing fee.

and he has now corrected the problem by paying the full filing, the Court finds that the error was the product of excusable neglect.

Accordingly, the Court GRANTS Plaintiff's motion and VACATES the judgment in this case. This action is re-referred consistent with the initial case referral.

IT IS SO ORDERED this 8th day of September, 2025.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE