UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES C. JONES, | ) |
|       Plaintiff, | ) ) ) |
| v. | )    Case No. CIV-24-1328-R |
| GARY BOGGESS, et al., | ) ) ) |
|       Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Charles C. Jones, a federal prisoner proceeding pro se, seeks relief for alleged civil rights violations while detained at the Grady County Jail. Doc. 9. United States District Judge David L. Russell recently re-referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss Plaintiff's operative complaint without prejudice.

**I.   Background and Plaintiff's Claims**

Plaintiff filed his original Complaint on December 18, 2024. Doc. 1. The Court ordered Plaintiff to cure deficiencies in his Complaint, and he filed an Amended Complaint on March 4, 2025. Docs. 6, 9. On July 28, 2025, the Court dismissed Plaintiff's action for failure to pay the filing fee. Docs. 17 (order dismissing case), 18 (judgment). On September 9, 2025, the Court granted Plaintiff's Motion to Reconsider Judgment after he paid the filing fee. Doc. 24. The Court vacated its judgment and re-referred the case to the undersigned. *Id.* at 2.

Plaintiff is a federal detainee who was housed from November 3, 2024, to November 7, 2024, at the Grady County Jail, which he claims was "under contract to house federal detainees" with the United States Marshals Service. Am. Compl. at 2, 5. While Plaintiff was at the Grady County Jail, a "leaking roof" "cause[d] the floors to become a hazard." *Id.* at 8. He allegedly "suffer[ed] from a disastrous slip due to excess water coverage on Grady County Jail floors" that "severely injured" him. *Id.* at 5. According to Plaintiff, the jail "has a record of a roof leaking for numerous years," and "[t]here are maintenance records and multiple complaints from various inmates." *Id.* at 8.

Plaintiff brings his Amended Complaint under 42 U.S.C. § 1983, and he raises two claims. *Id.* at 2. In Claim One, he alleges a violation of his "8th Amendment right to be free of cruel and unusual punishment." *Id.* at 4. He avers that "as a pretrial detainee, in Marshal custody," and "in the care of the BOP and U.S. Justice Dept.," he was "not to be punished, and left unable to walk without spinal cord, back pain, due to haphazard conditions." *Id.* In Claim Two, Plaintiff alleges a violation of his "14th Amendment right to be equally protected by the sheriff of Grady County, who accepted the custody of Federal detainees and accepted the responsibility to provide equal protection." *Id.* at 5. He claims he should not be "in an environment" where he "could slip, fall, and injure [his] body." *Id.*

Plaintiff names three defendants: (1) Gary Boggess, Sheriff of Grady County, in his official capacity and individual capacity, (2) the "Head of U.S. Marshals Service," and (3) the "Head of Department of Justice, Pamela Jo Bondi." *Id.* at 4-6. Plaintiff does not specify the capacity in which he names the two federal officials ("Federal Defendants"). The undersigned liberally construes the Amended Complaint to name the Federal

Defendants in their official capacities and individual capacities. Plaintiff seeks monetary damages as relief. *Id.* at 5, 8. He also asks the Court to order an investigation into "why [the] roof was leaking," and he seeks "judicial authority" to get "preserved camera footage." *Id.* at 5, 8.[1]

## II.  Screening

When a prisoner seeks relief against a governmental entity or an officer or employee of a governmental entity, the Court must screen the complaint and dismiss any part that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915A(a)-(b).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In evaluating whether a complaint adequately states a claim, the Court must "accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff." *Requena v. Roberts*, 893 F.3d 1195, 1204-05 (10th Cir. 2018) (citation modified) (discussing standard of review for failure to state a claim under § 1915A(b)(1)). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] Plaintiff filed his Amended Complaint, Doc. 9, and included two copies of a nearly identical, eight-page complaint raising the same claims with nearly identical language in both. *Compare id.* at 1-8, *with id.* at 9-16. The undersigned treats the first eight pages as the operative Amended Complaint.

(2009) (citation modified) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will not, however, provide a plaintiff with arguments or act as his advocate. *Id.*

Finally, the Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

### III. Analysis

#### A. The Court liberally construes the Amended Complaint to raise a conditions-of-confinement claim and an equal protection claim.

In Claim One, Plaintiff broadly alleges a violation of his "right to be free of cruel and unusual punishment" based on the "horrid conditions" of his confinement at the Grady County Jail. Am. Compl. at 4-5. "Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citation modified). Under the Eighth Amendment, prison officials must "provide humane conditions of confinement" for inmates, including "adequate food, clothing, shelter, and medical care," and must "take reasonable measures to guarantee the

safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation modified). To state a plausible conditions-of-confinement claim, an inmate must allege conditions that objectively "pos[e] a substantial risk of serious harm," and must allege facts showing that prison officials subjectively were deliberately indifferent to his health or safety. *Id*. at 834.

With Claim Two, Plaintiff alleges a violation of his Fourteenth Amendment right to equal protection. "To state a claim for relief under the Equal Protection clause, a plaintiff must allege the existence of purposeful discrimination against [himself], as a class of one or with respect to a group, causing an adverse effect. Conclusory allegations without facts that refer to a particular person or persons treated differently are insufficient to state a claim." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1146 (10th Cir. 2023).

**B.    The Court should dismiss Plaintiff's claims against Sheriff Boggess in his official capacity for failure to state a claim.**

When a plaintiff brings a § 1983 claim against a municipal or county officer in their official capacity, it is "another way of pleading an action against the entity of which the officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978). A municipality or county can only be held liable for constitutional violations committed pursuant to official policy or custom. *Id*. at 694. The municipal or county "government as an entity" may be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*.; *see Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) (applying *Monell* to a county). To succeed on a § 1983 claim against a municipality or county, a plaintiff must (1) "identify 'a government's policy

or custom'" (2) "that caused the injury" and (3) "show that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (quoting *Monell*, 436 U.S. at 694).

"A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Id.* at 770.  Allegations of an informal policy must show that "the custom or practice giving rise to liability [is] so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." *Burke v. Regalado*, 935 F.3d 960, 998 (10th Cir. 2019) (citation modified).  Further, "to permit *Monell* liability for an alleged equal protection violation, the complaint must plausibly suggest [a plaintiff's] injuries were the result of a discriminatory polic[y]." *Lucas*, 58 F.4th at 1146 (citation modified).

Therefore, for any claim against Sheriff Boggess in his official capacity, Plaintiff must plausibly allege facts under the *Monell* framework for county liability.  Plaintiff, however, fails to allege any formally promulgated jail policy or final decision by a policymaker that caused any alleged injury for either claim.  Nor does he allege any well-settled custom or practice known to jail policymaking officials that inflicted any injury. The Amended Complaint fails to allege that Sheriff Boggess acted pursuant to a policy that was the moving force behind any alleged constitutional violations.  Plaintiff alleges only that the Grady County Jail has "horrid conditions" and "a record of a roof leaking for

6

numerous years," and "there are maintenance records and multiple complaints from various inmates." Am. Compl. at 5, 8 (citation modified). His conclusory allegations about maintenance deficiencies do not adequately state any conditions-of-confinement claim or equal protection claim. Thus, Plaintiff's claims against Sheriff Boggess in his official capacity should be dismissed without prejudice for failure to state a claim.

> C. **The Court should dismiss Plaintiff's claims against Sheriff Boggess in his individual capacity for failure to state a claim.**

Personal or individual-capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). A plaintiff must allege sufficient facts to demonstrate each defendant personally participated in the alleged violation, *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976), by "identify[ing] *specific* actions taken by *particular* defendants," *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (citation modified). A defendant must have had "direct personal responsibility for the claimed deprivation of a constitutional right." *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

Moreover, "as a general matter, § 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (citation modified). "The plaintiff therefore must show an 'affirmative link' between the supervisor and the constitutional violation" by establishing "(1) personal involvement; (2) causation, and (3) state of mind." *Schneider*, 717 F.3d at 767 (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)).

The affirmative link between the supervisor and the constitutional violation requires "more than 'a supervisor's mere knowledge of his subordinate's' conduct." *Id.* (quoting *Iqbal*, 556 U.S. at 677).

With this standard in mind, the Amended Complaint fails to state a claim against Sheriff Boggess in his individual capacity. Neither claim sufficiently alleges specific actions taken by Sheriff Boggess or the necessary state of mind for the constitutional violations. Plaintiff alleges with Claim One only that he was "injured in a state facility, under the auspices of the Grady County Sheriff, who takes responsibility for a state county jail." Am. Compl. at 2. With Claim Two, Plaintiff alleges Sheriff Boggess "accepted custody of Federal detainees and accepted the responsibility to provide equal protection." *Id.* at 5. Even liberally construed, the Amended Complaint fails to allege sufficient facts to demonstrate how Sheriff Boggess personally participated in or had any affirmative link with the alleged violations. Further, Plaintiff fails to allege sufficient facts to show that Sheriff Boggess acted or failed to act with "deliberate indifference to inmate health and safety," *Farmer*, 511 U.S. at 834 (citation modified), to satisfy the subjective component of any conditions-of-confinement claim. Plaintiff also neglects in Claim Two to allege how Sheriff Boggess treated him differently than other detainees at the jail or administered a discriminatory policy. Plaintiff's claims against Sheriff Boggess in his individual capacity should be dismissed without prejudice for failure to state a claim.

> **D.     The Court should dismiss Plaintiff's claims against the Federal Defendants in their official capacities for lack of subject-matter jurisdiction.**

Plaintiff raises his claims against the Federal Defendants under 42 U.S.C. § 1983. Am. Compl. at 2. An as initial matter, that statute is "applicable only to actions by state and local entities, not by the federal government." *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). "Because § 1983 only authorizes suits alleging wrongful action under color of state or territorial law, it cannot be invoked to bring official-capacity claims against federal defendants." *Peterson v. Timme*, 621 F. App'x 536, 540 (10th Cir. 2015).

Moreover, "any action that charges [a federal] official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States." *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation modified). "Absent waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff must therefore show a waiver of sovereign immunity allowing him to sue the Federal Defendants in their official capacities. *See Iowa Tribe Of Kansas & Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) ("Plaintiffs may not proceed unless they can establish that the United States has waived its sovereign immunity with respect to their claim." (citation modified)).

Plaintiff has not shown a waiver of sovereign immunity and, indeed, the United States has not waived its sovereign immunity from suit for federal constitutional claims.

*Meyer*, 510 U.S. at 477-78 (discussing the United States' sovereign immunity and determining "the United States simply has not rendered itself liable . . . for constitutional tort claims"); *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (noting "in general" that "federal agencies and officers acting in their official capacities are also shielded by sovereign immunity" (citation modified)). Accordingly, the Court lacks subject-matter jurisdiction over Plaintiff's claims against the Federal Defendants in their official capacities. The Court should therefore dismiss without prejudice Plaintiff's claims against the Federal Defendants in their official capacities. *See, e.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (noting "that where the district court dismisses an action for lack of jurisdiction," "the dismissal must be without prejudice").[2]

### E. The Court should dismiss Plaintiff's claims against the Federal Defendants in their individual capacities for failure to state a claim.

Plaintiff cannot proceed against the Federal Defendants under § 1983 because that statute applies only to persons acting under color of state law. *Dry*, 235 F.3d at 1255. Though Plaintiff did not assert *Bivens* as a basis for his claims, in an abundance of caution, the undersigned considers whether Plaintiff could bring such a claim and concludes he could not. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403

---

[2] Further, if Plaintiff intends to bring this action under the Federal Tort Claims Act ("FTCA"), he cannot. In addition to procedural requirements he has not met, that statute does not waive the United States' sovereign immunity from suit for federal constitutional tort claims. *Meyer*, 510 U.S. at 477-78; *see also Smith v. United States*, 561 F.3d at 1099 ("The United States is the only proper defendant in an FTCA action." (citation modified)); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (discussing the FTCA's mandatory notice requirements).

U.S. 388 (1971) (finding an implied right of action in certain circumstances seeking damages against federal officials in their personal capacities for violations of constitutional rights).

Since 1971, the Supreme Court has recognized only three contexts for *Bivens* claims:

- Fourth Amendment violations where a private citizen is arrested and searched without probable cause, *Bivens*, 403 U.S. at 397;

- Fifth Amendment equal protection violations where a federal employee is discriminated against based on gender, *Davis v. Passman*, 442 U.S. 228 (1979); and

- Eighth Amendment violations of the Cruel and Unusual Punishment Clause where a prisoner receives inadequate medical care, *Carlson v. Green*, 446 U.S. 14 (1980).

The Tenth Circuit interprets recent Supreme Court decisions to mean "*Bivens* is now all but dead." *Rowland v. Matevousian*, 121 F.4th 1237, 1241-42 (10th Cir. 2024). "The [Supreme] Court has said in effect that almost any difference between the case at hand and the three Court precedents can justify rejecting a cause of action." *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024); *see also Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (citation modified) (noting "no doubt that expanding *Bivens* is not just a disfavored judicial activity, it is an action that is impermissible in virtually all circumstances"). Plaintiff's claims fall outside the narrow *Bivens* framework for an implied damages remedy against the Federal Defendants.

Even if this were a limited setting where *Bivens* applied, however, Plaintiff fails to allege a basis for supervisory liability against the Federal Defendants. "Because vicarious

11

liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, the Amended Complaint is devoid of any allegations that the Federal Defendants directly and personally participated in any constitutional violations. And like the deficiencies against Sheriff Boggess, Plaintiff fails to allege facts to satisfy the subjective component of any conditions-of-confinement claim or to support a claim for discrimination against Plaintiff or federal detainees. As such, the Court should dismiss without prejudice Plaintiff's claims against the Federal Defendants in their individual capacities.[3]

## IV. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** Plaintiff's Amended Complaint, Doc. 9, without prejudice. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court by October 21, 2025. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and

---

[3] The Court may dismiss the Amended Complaint in its entirety and need not separately consider Plaintiff's request that the Court "investigate why [the] roof was leaking." Am. Compl. at 8 (citation modified). In any event, "such requested relief is beyond the power and jurisdiction of this court sitting in a 42 U.S.C. § 1983 action. The [C]ourt does not have jurisdiction to order a federal investigation into any alleged unconstitutional practice." *Adams v. Smith*, No. CIV-18-1042-F, 2019 WL 80445, at *1 (W.D. Okla. Jan. 2, 2019) (citation modified). The Court also need not address Plaintiff's request to obtain "preserved camera footage." Am. Compl. at 5. If his claims survive the Court's screening, he may receive relevant information from a report ordered pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), or he may submit traditional discovery requests to any Defendant.

liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, the Amended Complaint is devoid of any allegations that the Federal Defendants directly and personally participated in any constitutional violations. And like the deficiencies against Sheriff Boggess, Plaintiff fails to allege facts to satisfy the subjective component of any conditions-of-confinement claim or to support a claim for discrimination against Plaintiff or federal detainees. As such, the Court should dismiss without prejudice Plaintiff's claims against the Federal Defendants in their individual capacities.[3]

## IV. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** Plaintiff's Amended Complaint, Doc. 9, without prejudice. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court by October 21, 2025. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and

---

[3] The Court may dismiss the Amended Complaint in its entirety and need not separately consider Plaintiff's request that the Court "investigate why [the] roof was leaking." Am. Compl. at 8 (citation modified). In any event, "such requested relief is beyond the power and jurisdiction of this court sitting in a 42 U.S.C. § 1983 action. The [C]ourt does not have jurisdiction to order a federal investigation into any alleged unconstitutional practice." *Adams v. Smith*, No. CIV-18-1042-F, 2019 WL 80445, at *1 (W.D. Okla. Jan. 2, 2019) (citation modified). The Court also need not address Plaintiff's request to obtain "preserved camera footage." Am. Compl. at 5. If his claims survive the Court's screening, he may receive relevant information from a report ordered pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), or he may submit traditional discovery requests to any Defendant.

legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of September, 2025.

_/s/ Chris M. Stephens_
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE